IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIS BAIRD, ) | |
| No. K81582, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00261-MJR |
| ) | |
| SHAWN OCHS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Willis Baird is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to an altercation he had with C/O Shawn Ochs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on November 15, 2014, Defendant C/O Ochs approached Plaintiff's cell to pass out lunch trays.  When Ochs opened the slot in the door to distribute the trays, Plaintiff announced that he was declaring a hunger strike and, according to prison protocol, his cellmate's food tray could not be distributed until after Plaintiff was removed and placed in a single-man "hunger strike" cell.  C/O Ochs reportedly became angry and "aggressively" and "quickly" handcuffed Plaintiff through the cell door.  Plaintiff admittedly stood in front of the slot in the door in order to block Ochs from passing a food tray to his cellmate.  Ochs then attempted to move Plaintiff away from the food slot by "striking" and/or "continuously pounding" Plaintiff's lower back.  From Plaintiff's perspective, by interjecting food into the cell, Ochs was attempting to void Plaintiff's hunger strike under prison rules.  Ochs eventually un-cuffed Plaintiff and left.

C/O Ochs returned to speak to Plaintiff and told Plaintiff that he, Ochs, could write Plaintiff a disciplinary report if so chose.  Taking that as a threat, Plaintiff again did not request medical care.  Plaintiff was aware that C/O Ochs had a grudge against him for having filed a lawsuit against his uncle, Lt. James Ochs (*see Baird v. Knop*, Case No. 13-cv-979-NJR (S.D. Ill. 2013) (still pending)).

Because Plaintiff has severe degenerative disc disease, Och's strikes caused Plaintiff "excruciating pain."  According to Plaintiff, he was "yelling in pain" as Ochs struck him.  He wanted to ask for medical care, but was afraid Ochs would then retaliate by issuing him a disciplinary report—something other correctional officers have done to Plaintiff.  Yet, Plaintiff

questions why Ochs did not get him medical care. Plaintiff waited approximately a month before reporting his injuries to his physical therapist.

Based on the allegations in the complaint and Plaintiff's own delineation of claims, the Court finds it convenient to divide the *pro se* action into the following counts. Any other claims intended by Plaintiff should be considered dismissed without prejudice, as having been inadequately pleaded under the *Twombly* pleading standard.[1]

> **Count 1:** **C/O Ochs used excessive force against Plaintiff, in violation of the Eighth Amendment;**
>
> **Count 2:** **C/O Ochs was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment; and**
>
> **Count 3:** **C/O Ochs threatened Plaintiff with discipline, in violation of the First Amendment.**

The complaint contains no prayer for relief.

## Discussion

The complaint is flawed and must be dismissed, if for no other reason, because it contains no request for relief. Federal Rule of Civil Procedure 8(a)(3) dictates that a complaint must contain a demand for relief, such as a claim for compensatory damages or injunctive relief. Although the complaint must be dismissed without prejudice to allow Plaintiff an opportunity to cure this defect, Plaintiff's three claims warrant discussion.

---

[1] Because the complaint repeatedly discusses Plaintiff's hunger strike, it is noted that a hunger strike appears to be protected under the First Amendment. *See Stefanoff v. Hays County, Tex.*, 154 F.3d 523, 527 (5th Cir.1998) (hunger strike may be protected activity if aimed at conveying a particularized message); *see also Texas v. Johnson,* 491 U.S. 397 (1989) (discussing expressive conduct). However, a failure to comply with administrative policies and procedures, as well as state rules or laws, does not give rise to a constitutional violation *per se. See Whitman v. Nesic,* 368 F.3d 931, 935 n.1 (7th Cir. 2004). In any event, Plaintiff has not presented a claim specifically about his hunger strike.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). As the Supreme Court has explained, liability requires that the official used force with "'a knowing willingness that [harm] occur.'" *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The key question being "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically cause harm." *Harper v. Albert,* 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

Plaintiff acknowledges that, although he was handcuffed, he continued to try to block Ochs from sliding a food tray into the cell. There is nothing to reasonably suggest that C/O Ochs acted with any other purpose than to maintain discipline and feed Plaintiff's cellmate. Also, in light of Plaintiff's grievance, it appears that the force was *de minimis* and not knowingly used to cause Plaintiff harm.

According to the narrative of the complaint, C/O Ochs "aggressively" and "quickly" handcuffed Plaintiff through the cell door, and then "struck" and/or "continuously pounded" Plaintiff's lower back. Whether the amount of force used was excessive, given that Plaintiff was admittedly blocking the food slot, is usually a question of fact that cannot be decided at this early stage. However, Plaintiff has actually pleaded himself out of court. The grievance Plaintiff attached to the complaint undercuts his claim. On November 15, 2014—the day of the

incident—Plaintiff described Ochs as having "pushed" and "shoved" him (Doc. 1, p. 12). As he described in the grievance:

> I advised Ochs that he was hurting me, to stop pushing me.
> ***
> Ochs again began pushing me with one hand and trying to stuff the tray in the feed hole with the other hand, as I yelled multiple times I declared a hunger strike, get me a Lieutenant Ofc. Ochs stated multiple times "That's not how it works Bub!"

(Doc. 1, p. 12).

In *DeWalt v. Carter*, the simple act of shoving an inmate, even though bruising resulted, was found to be *de minimis* and insufficient to establish cruel and unusual punishment. 224 F.3d at 620. Furthermore, there is no suggestion that Ochs was aware that Plaintiff had a bad back. Plaintiff was yelling at Ochs as alleged in the complaint, but as the grievance explains, he was yelling about his hunger strike, not about his pain. Lastly, the Court observes that the grievance did not claim any physical injury. For these reasons, Count 1 will be dismissed. Out of an abundance of caution, dismissal will be without prejudice.

**Count 2**

Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). To satisfy the subjective component, a prisoner must demonstrate that the prison official "knew of a

substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "Deliberate indifference cannot rest on negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard*, 321 F.3d 616, 626 (7th Cir. 2003).

A serious medical condition is one "that even a lay person would perceive the need for a doctor's attention," *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007), which is how Plaintiff characterizes his situation after Ochs assaulted him. Plaintiff asserts in the complaint that a reasonable person would know that a person "yelling in pain from being continuously hit in the lower back/spine by a 270 pound man, would be injured and need medical attention." However, Plaintiff's grievance, written contemporaneously with the assault, indicates that Plaintiff was pushed and shoved by Ochs (who is not alleged to have known about Plaintiff's bad back), and that Plaintiff was yelling about his hunger strike and asking to see a Lieutenant (Doc. 1, p. 12). Also, by Plaintiff's own account, he specifically did not ask for medical attention. Thus, the complaint fails to describe something a reasonable person would perceive as a serious medical injury, and that C/O Ochs acted with anything approaching deliberate indifference. Count 2 will be dismissed without prejudice.

### Count 3

After the food tray incident, C/O Ochs' returned and (as stated in the complaint) "advised/threatened" Plaintiff that he, Ochs, could have written a disciplinary report against Plaintiff. Plaintiff perceived the statement as a veiled threat because C/O Ochs had "on multiple occasions expressed his dislike of Plaintiff for filing a lawsuit against his uncle Lt. James Ochs." Plaintiff further explains that, in his experience, correctional officers file false, retaliatory disciplinary reports. "Plaintiff also stated to Defendant Ochs out of fear, that Plaintiff will not

write a grievance or file a lawsuit." Plaintiff did wait a month to seek medical care, but he filed a grievance against Ochs the same day of the incident, alleging retaliation, use of excessive force, and failure to adhere to hunger strike protocols, and for "showing he would violate 120-95-Giving False Information" (*see* Doc. 1, p. 11).

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir.2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). Although only notice pleading is required, it is helpful to keep in mind that in order to prove a claim of retaliation for exercising one's First Amendment right, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006). Circumstantial evidence—evidence from which a trier of fact may infer that retaliation occurred—can be used to establish a retaliation claim. *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012).

Filing a law suit is activity protected under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). It does not appear that the Seventh Circuit has decided whether a threat to file a grievance is a protected activity. *See Bridges v. Gilbert,* 557 F.3d 541, 555 (7th Cir. 2009). In any event, the statement by C/O Ochs is too amorphous to warrant First Amendment protection.

As the Court of Appeals has explained, "Section 1983 is a tort statute. A tort to be actionable requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a

person of ordinary firmness from that exercise…." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).  Obviously, Plaintiff was not deterred from filing a grievance the very same day as the alleged veiled threat, thus the complaint fails to allege any deprivation caused by Ochs.  As pleaded, this claim has not reached the threshold of actionability and it will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated **COUNTS 1-3** and the complaint as a whole are **DISMISSED without prejudice**; consequently, Defendant **C/O SHAWN OCHS** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have through **April 24, 2015**, to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this action with prejudice, and a strike will be assessed for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 2, 2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT